UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MATTHEW DEROCHA,

                                        Plaintiff,


v.                                                                      5:26-cv-0699
                                                                        (BKS/CBF)


SYRACUSE POLICE,

                                        Defendant.

_____

APPEARANCES:

MATTHEW DEROCHA
*Plaintiff, pro se*
6159 Crestview Dr.
North Syracuse, NY 13212

**CARLA B. FREEDMAN**, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION AND ORDER</u>

**I.      INTRODUCTION**

The Clerk has sent to the Court for review pleadings submitted by *pro se* plaintiff

Matthew DeRocha ("Plaintiff").  Dkt. Nos. 1, 6.  Plaintiff also seeks leave to proceed *in forma*

*pauperis* ("IFP").  Dkt. No. 2.

**II.     IFP APPLICATION**

Plaintiff has not paid the filing fee for this action and seeks leave to proceed IFP.  Dkt.

No. 2.  Upon review, Plaintiff's IFP application demonstrates economic need.  *See id*.  Therefore,

he is granted permission to proceed IFP.[1]

_____

[1] Although his IFP application has been granted, Plaintiff will still be required to pay fees that he
may incur in this action, including copying and/or witness fees.

### III.    BACKGROUND

Plaintiff commenced this action by filing a complaint on April 10, 2026, utilizing this District's form civil rights complaint pursuant to 42 U.S.C. § 1983.  *See generally*, Dkt. No. 1.[2] The complaint listed one Defendant, "Syracuse police officers."  *Id*. at 1.  The pleading alleges, in full, "I was arrested on 8/25/2023 by the Syracuse police charged with criminal contempt first and Har[a]ssmen[t,] the charges are pending in Syracuse before Judge Ann Magneralli unindicted."  *Id*. at 2.[3]  On May 22, 2026, Plaintiff submitted a letter containing the docket numbers of three cases he had commenced, (1) 5:26-CV-00696, (2) 5:26-CV-00697, and (3) 5:26-CV-00699, indicating "the claims submitted are [sic] for corrected as the police individually and involved in arrests of myself from August 2023 - July 2025" and that he planned to "submit police reports and facts cause of action and relief and use the same case files if that's ok."  Dkt. No. 5 at 1 (cleaned up).

Plaintiff filed an amended complaint in this action on July 8, 2026.  *See generally*, Dkt. No. 6.  The amended complaint lists one defendant, "Offic[e]r Albolino" a "police officer for SPd."  *Id*. at 1.  Plaintiff avers "Officer Albolino and his partner both arrested me purposely to harm me or menace me for menacing 2nd and weapon 3rd possession exhibiting police misconduct toward myself the arrest is felony and from the month of July of year 2025."  *Id*. at 2 (cleaned up).

---

[2] Citations to Plaintiff's submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[3] On April 16, 2026, the matter was reassigned to the undersigned by Text Order for all further proceedings.  Dkt. No. 4.

The amended complaint lists three causes of action: (1) false arrest, (2) false imprisonment, and (3) "malicious prosecution police misconduct and negligence." *Id*. at 3 (cleaned up). With regard to relief, Plaintiff requests "punitive damages of 1 million monetary damages of 1 million and economic damages bail holding lost of time stuff." *Id*. at 4.

## IV.   LEGAL STANDARD

Section 1915 of Title 28 requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citation omitted, emphasis in original). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . or (2) the claim is based on an indisputably meritless legal theory.").

Additionally, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure. *See, e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH), 2024 WL 4870495, at *2

(N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for *pro se* pleadings has its limits, because *pro se* pleadings still must comply with . . . the Federal Rules of Civil Procedure . . . .") (internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025).  To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).  This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Moreover, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

4

## V.     ANALYSIS

Here, even afforded a liberal construction, Plaintiff's amended complaint is wholly conclusory and fails to state a claim. *See generally*, Dkt. No. 6. Therefore, the undersigned recommends Plaintiff's pleadings be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y.) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)). To state a valid claim under § 1983, a plaintiff must allege the challenged conduct: (1) was attributable to a person acting under color of state law; and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

"The [Second Circuit]'s 'special solicitude' for *pro se* pleadings has its limits, because *pro se* pleadings still must comply with . . . the Federal Rules of Civil Procedure." *Lewis v. New York State Bd. of Elections*, No. 8:24-CV-00849 (GTS/CFH), 2024 WL 4910561, at *4 (N.D.N.Y. Sept. 30, 2024) (additional quotations and citations omitted), *report and recommendation adopted*, 2024 WL 4689022 (N.D.N.Y. Nov. 6, 2024). A complaint that fails to comply with the Federal Rules' pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the

Court to assess the sufficiency of their claims," and may properly be dismissed by the Court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996); *see also*, *e.g.*, *Gosier v. Collins*, No. 6:23-CV-1485 (DNH/TWD), 2024 WL 1016392, at *2 (N.D.N.Y. Mar. 8, 2024), *report and recommendation adopted*, 2024 WL 1307035 (N.D.N.Y. Mar. 27, 2024).

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The purpose of this Rule is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (internal quotations and citations omitted). Additionally, Rule 10(b) of the Federal Rules of Civil Procedure provides "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense." Fed. R. Civ. P. 10(b). This rule serves "to provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores*, 189 F.R.D. at 55 (internal quotations and citation omitted).

A claim for false arrest or false imprisonment "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause . . . ." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995)); *see also*, *e.g.*, *Kirby v. Abraham*, No. 5:24-CV-0522 (BKS/TWD), 2024 WL 4906112, at *4 (N.D.N.Y. Oct. 25, 2024), *report and recommendation adopted*, 2024 WL 4905131 (N.D.N.Y. Nov. 27, 2024). "Such claims are one and the same because '[f]alse arrest

6

and false imprisonment overlap; the former is a species of the latter.'" *Kirby*, 2024 WL 4906112, at *4 (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)) (additional citation omitted).  "A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) (citing *Weyant*, 101 F.3d at 852).  Accordingly, to state a claim for false arrest and imprisonment, "a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)).  "An arrest is privileged if it is based on probable cause." *Kirby*, 2024 WL 4906112, at *5 (citing *Jenkins*, 478 F.3d at 84).

"In order to prevail on a § 1983 claim against a state actor for malicious prosecution, a plaintiff must show a violation of his rights under the Fourth Amendment . . . and must establish the elements of a malicious prosecution claim under state law." *Manganiello v. City of New York*, 612 F.3d 149, 160-61 (2d Cir. 2010) (citations omitted).  "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" *Id*. at 161 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

Here, Plaintiff's claims of false arrest, false imprisonment, and malicious prosecution are wholly conclusory.  *See generally*, Dkt. No. 6.  The amended complaint contains no allegations suggesting the Defendant lacked probable cause to arrest him.  *See* Dkt. No. 6 at 2; *see also*, *e.g.*,

7

*Kirby*, 2024 WL 4906112, at *5 (recommending dismissal where the plaintiff "alleges in wholly conclusory fashion he was subject to a false arrest and false imprisonment. He alleges no facts related to his arrest suggesting there was no probable cause for his arrest."). Additionally, the amended complaint contains no allegations of any continuation of a criminal proceeding against the Plaintiff beyond his arrest or the termination of such proceedings in Plaintiff's favor. *See* Dkt. No. 6 at 2.

Moreover, the amended complaint entirely fails to specify *where* the events underlying Plaintiff's claims occurred.[4] Accordingly, Plaintiff's amended complaint should be dismissed for failure to state a claim. However, in deference to Plaintiff's *pro se* status, the undersigned recommends the action be dismissed without prejudice to allow Plaintiff the opportunity to cure these defects.

The Court advises Plaintiff that should he be permitted to amend his complaint, any amended pleading he submits to this Court must comply with Rules 8 and 10 of the Federal

---

[4] Furthermore, the undersigned notes Plaintiff's claims may be barred by *Heck v. Humphrey*. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."). "Courts have held that a plaintiff 'cannot pursue a civil rights claim based on false arrest and malicious prosecution while criminal charges are still pending against him in State Court.'" *Mitchell v. Kindlon*, No. 9:25-CV-0602 (MAD/TWD), 2025 WL 1951849, at *5 (N.D.N.Y. July 16, 2025) (quoting *Singleton v. State of N.Y.*, 1998 WL 438530, at *2 (S.D.N.Y. July 31, 1998)), *reconsideration denied sub nom.*, *Mitchell v. Blain-Lewis*, 2025 WL 3136383 (N.D.N.Y. Nov. 10, 2025); *see also*, *e.g.*, *Hardie v. City of Albany*, No. 1:18-CV-0470 (GLS/CFH), 2018 WL 4026736, at *5 (N.D.N.Y. Aug. 22, 2018) ("If there are charges that are pending or if plaintiff pleaded guilty to the charges/has been convicted of the charges, the potential claims for false arrest and false imprisonment may be barred by *Heck v. Humphrey*."), *report and recommendation adopted*, 2018 WL 4288614 (N.D.N.Y. Sept. 7, 2018).

Rules of Civil Procedure. Any such amended pleading should specifically identify the legal theory or theories that form the basis for his claim. Plaintiff is cautioned that no portion of his prior complaints shall be incorporated into any amended pleading by reference. Any amended complaint submitted by Plaintiff must set forth all of the claims he intends to assert against the Defendant and must demonstrate that a case or controversy exists between the Plaintiff and the Defendant which Plaintiff has a legal right to pursue and over which this Court has jurisdiction. Of course, Plaintiff may also pursue his claims in state court if appropriate.

## VI.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**, and it is

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) and amended complaint (Dkt. No. 6) be **DISMISSED** without prejudice; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).[5]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report.[6] Such objections shall be filed with the Clerk of

---

[5] Many of the unpublished decisions cited herein have been provided to Plaintiff with the Report-Recommendation and Order issued in *DeRocha v. Syracuse Police Department et al*, No. 5:26-CV-00696 (BKS-CBF). Thus, additional copies of those same cases will not be provided here.

[6] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS</u>**

**<u>WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993)

(citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72.

      **IT IS SO ORDERED.**

Dated: July 17, 2026
       Syracuse, New York

                                     Carla B. Freedman
                                     U.S. Magistrate Judge

Kirby v. Abraham, Not Reported in Fed. Supp. (2024)

2024 WL 4906112

2024 WL 4906112
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

David L. KIRBY, III, Plaintiff,

v.

Mamoun ABRAHAM,[1] Defendant.

[1]     For reasons discussed below, the Clerk is directed to update the docket to substitute "Mamoun Abraham" for Defendant John Doe.

5:24-cv-0522 (BKS/TWD)
|
Signed October 25, 2024

**Attorneys and Law Firms**

DAVID L. KIRBY, III, Plaintiff, pro se, 05002304, Onondaga County Justice Center, 555 South State Street, Syracuse, NY 13202.

**REPORT-RECOMMENDATION AND ORDER**

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**I. INTRODUCTION**

 **\*1**  On April 15, 2024, *pro se* Plaintiff David L. Kirby, III, commenced this action by filing a complaint naming the Syracuse Police Department as the sole defendant. Dkt. No. 1. Plaintiff did not pay the Court's filing fee or file a motion to proceed *in forma pauperis* ("IFP"), and the Court administratively closed the case. Dkt. No. 2. Plaintiff subsequently submitted a complete application to proceed IFP, and the case was reopened. Dkt. Nos. 3, 4, 5. On June 14, 2024, the undersigned granted Plaintiff's EFP application and performed an initial review of the complaint. Dkt. No. 6. On June 24, 2024, Plaintiff filed an amended complaint. Dkt. No. 7. In light of Plaintiff's amended complaint, the Court terminated the pending Report-Recommendation, and referred the action back to the undersigned for an initial review of the amended complaint.[2] Dkt. No. 9.

[2]     The Court will also consider the two letters, Dkt. Nos. 10 and 11, filed by Plaintiff. See Dkt. No. 12.

**II. SUFFICIENCY OF THE AMENDED COMPLAINT**

Because Plaintiff is proceeding IFP and is a prisoner suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).[3]

[3]     *See* 28 U.S.C. § 1915A(c) ("As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."). Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1); *see also Cash v. Bernstein*, No. 09-CV-1922, 2010 WL 5185047, at \*1 (S.D.N.Y. Oct. 26, 2010) ("Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent

2024 WL 4906112

he is able to do so, through periodic withdrawals from his inmate accounts.") *Id.* (citing 28 U.S.C. § 1915(b) and *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010)).

### A. Relevant Legal Standard

The Court shall dismiss a complaint in a civil action if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless ... or (2) the claim is based on an indisputably meritless legal theory.").

**\*2** To survive dismissal for failure to state a claim, a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). This short and plain statement of the claim must be "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The statement of the claim must do more than present "an unadorned, the-defendant-harmed-me accusation." *Id.* It must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal punctuation and citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and should exercise "extreme caution ... in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (internal citations omitted).

Generally, before the Court dismisses a *pro se* complaint or any part of the complaint *sua sponte*, the Court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B. Summary of the Amended Complaint [4]

[4] Plaintiff utilized the Court's form complaint for civil rights actions under 42 U.S.C. § 1983. Citations to Plaintiff's amended complaint will be to the pagination generated by CM/ECF, the Court's electronic filing system. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

Plaintiff brings this action against Defendant John Doe, a Syracuse Police Officer. Dkt. No. 7. In the "Statement of Facts" section, Plaintiff states, in full:

Kirby v. Abraham, Not Reported in Fed. Supp. (2024)

2024 WL 4906112

> John Doe hit me with his police car while he was off-duty working as an security guard. The results of me getting hit by car my neck, arm on right side and upper body collarbone was hurting very bad. I had to walk to court holding my arm in my left hand after being deny an arm slang by Justice Center medical staff. Also after that I was placed in handcuffs. Also John Doe illegally searched me which is violating my rights 4[th] Amendment he searched me after hitting me with car and placing me in handcuffs. Then I was sent to hospital. And that is false arrest and false imprisonment.

*Id.* at 4. Plaintiff lists his first claim as "excessive force" and his second claim as "unconstitutional conditions of confinement." *Id.* at 5. Plaintiff seeks monetary damages. *Id.*

On July 2, 2024, Plaintiff filed a letter stating, "Officer Mamoun Abraham was the officer that struck me with deadly force using his car off-duty knowing that he was not supposed to do that." Dkt. No. 10. On August 14, 2024, Plaintiff filed another letter, stating, in part, "Brandon Hanks used excessive force, violated my 4[th] Amendment right by his unreasonable search which led to false arrest and false imprisonment because my rights were violated and no probable cause to arrest me."[5] Dkt. No. 11.

[5]   At the top of the letter, Plaintiff lists three civil action numbers: 5:21-cv-886, 5:24-cv-124, and 5:24-cv-522. Dkt. No. 11. Thus, the letter was filed in all three of Plaintiff's cases. The Clerk's Office and the Court should not be tasked with determining which case Plaintiff's filing should be filed in. In this District, if a litigant has more than one action pending, any paper filed in a case must contain and relate to one civil action number unless the civil actions have been consolidated by the Court. Any motion or other papers purporting to relate to more than one action will not be accepted for filing and may be stricken by the Court. N.D.N.Y. L.R. 10.1(c)(1). On August 15, 2024, Plaintiff was advised by Text Order in *Kirby v. Hanks*, 5:24-cv-0124 (MAD/ML), proper case identification is required for all filings, which should include a case number, case name, and what relief Plaintiff is seeking.

## III. ANALYSIS

**\*3**  Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted). "Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).

To state a valid claim under Section 1983, a plaintiff must allege that the challenged conduct: (1) was attributable to a person acting under color of state law; and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Whalen v. Cnty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

### A. Defendant John Doe

The Court has reviewed Dkt. No. 10, wherein Plaintiff has identified the Doe defendant by name. Therefore, the Court construes Dkt. No. 10 as a request to substitute the name of "Mamoun Abraham" for John Doe, which is granted. While piecemeal pleadings are generally not accepted by the Court, an exception will be made since the letter was filed while the amended complaint was still under initial review. The amended complaint will be deemed to name Mamoun Abraham in place of John Doe and the Court will conduct its initial review accordingly.[6]

6    The Court reaches a different result, however, with respect to Dkt. No. 11. Because Plaintiff's letter includes three civil action numbers, the submission does not include a caption and, based upon the allegations in the letter, it is not clear which action Plaintiff intended this letter to supplement, the Court does not construe Dkt. No. 11 as a request to amend the amended complaint. Moving forward, Plaintiff is advised he may not attempt to amend his pleadings in a piecemeal manner. *See* L.R. 15.1.

### B. Color of State Law

By its terms, Section 1983 applies only where the defendant acts "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983; *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) ("[A] plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person acting under the color of state law."). A "defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." *West v. Atkins*, 487 U.S. 42, 49-50 (1988). By contrast, "acts of officers in the ambit of their personal pursuits are plainly excluded." *United States v. Giordano*, 442 F.3d 30, 42-43 (2d Cir. 2006) (quoting *Screws v. United States*, 325 U.S. 91, 111 (1945) (plurality opinion)).

"[T]here is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994). A defendant acts under color of state law for the purposes of Section 1983 when he exercises a power "possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." *Colombo v. O'Connell*, 310 F.3d 115, 117-18 (2d Cir. 2002) (citation omitted). The "focus" of the color of law inquiry is on "whether there was an abuse or misuse of a power conferred upon [the state employee] by state authority," and "look[s] to the nature of the officer's act, not simply his duty status." *Pitchell*, 13 F.3d at 548-49.

 **\*4** Courts therefore "look at a variety of factors, including, *inter alia*, whether the officer: (1) was off-duty; (2) identified himself as an officer of the law; (3) was in uniform; (4) was authorized to make an arrest at the time; (5) was carrying handcuffs; (6) was carrying any weapons; (7) flashed a police badge; and (8) placed the plaintiff under arrest or otherwise detained her." *Cotz v. Mastroeni*, 476 F. Supp. 2d 332, 372 (S.D.N.Y. 2007). An individual engaging in conduct as a private actor can still be liable under Section 1983, but only if he "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). "Conclusory allegations that [the] private individual conspired or took concerted action with state actors will not suffice" to establish this element. *Lienau v. Garcia*, No. 12-CV-6572, 2013 WL 6697834, at \*5 (S.D.N.Y. Dec. 19, 2013) (citation and internal punctuation omitted).

Mindful of the Second Circuit's instruction that a *pro se* plaintiff's pleadings must be liberally construed, *see, e.g.*, *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008), the Court assumes for purposes of initial review that defendant Abraham was acting under color of state law.

### C. Excessive Force

As noted above, Plaintiff lists excessive force as his first claim. Dkt. No. 7 at 5. " '[A]ll claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other seizure of a free citizen should be analyzed under the Fourth Amendment and its reasonableness standard.' " *Ketcham v. City of Mount Vernon*, 992 F.3d 144, 148-49 (2d Cir. 2021) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis and internal quotation marks omitted)). Examining the reasonableness of the force used "requires careful attention to the facts and circumstances of each particular case, including [1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Id.* (quoting *Graham*, 490 U.S. at 396). An officer may not constitutionally employ "a degree of force beyond that which is warranted by the objective circumstances of an arrest." *Cugini v. City of New York*, 941 F.3d 604, 612 (2d Cir. 2019). Additionally, "[w]hile handcuffs must be reasonably tight to be effective, overly tight handcuffing may constitute excessive force." *Lynch ex rel. Lynch v. City of Mt. Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008).

2024 WL 4906112

It is well-established "that the use of entirely gratuitous force is unreasonable and therefore excessive." *Tracy v. Freshwater*, 623 F.3d 90, 99 n.5 (2d Cir. 2010). But " '[n]ot every push or shove' amounts to a Fourth Amendment violation. Indeed, a '*de minimis* use of force will rarely suffice to state a Constitutional claim.' " *Acosta v. City of New York*, No. 11 Civ. 856, 2012 WL 1506954, at *10 (S.D.N.Y. Apr. 26, 2012) (citing *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 2005)).

Here, Plaintiff's explanation of the alleged incident with defendant Abraham is conclusory and vague. He has not listed a date on which he was "struck" by the police vehicle and has not described *any* facts surrounding the alleged incident. Thus, Plaintiff has not provided "a short and plain statement of the claim showing that he is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Accordingly, the Court recommends dismissal of the excessive force claim without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A).

### D. False Arrest and False Imprisonment

Liberally construed, Plaintiff alleges he was subjected to "false arrest and false imprisonment." Dkt. No. 7 at 4. A claim for false arrest or false imprisonment "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause ...." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (citing *Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995)). Such claims are one and the same because "[f]alse arrest and false imprisonment overlap; the former is a species of the latter." *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see also Jenkins v. City of New York*, 478 F.3d 76, 88 n. 10 (2d Cir. 2007) ("False arrest is simply false imprisonment accomplished by means of an unlawful arrest.") (citation omitted).

 **\*5** "A section 1983 claim for false arrest is substantially the same as a claim for false arrest under New York law." *Jenkins*, 478 F.3d at 84 (citing *Weyant*, 101 F.3d at 852). Accordingly, to state a claim for false arrest and imprisonment, "a plaintiff must show that (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Savino v. City of New York*, 331 F.3d 63, 75 (2d Cir. 2003) (citing *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)) (internal punctuation omitted). An arrest is privileged if it is based on probable cause. *Jenkins*, 478 F.3d at 84 ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (internal punctuation and citations omitted). "In general, probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant*, 101 F.3d at 852.

Here, Plaintiff alleges in wholly conclusory fashion he was subject to a false arrest and false imprisonment. He alleges no facts related to his arrest suggesting there was no probable cause for his arrest. Further, to the extent that Plaintiff may be claiming that the alleged unlawful search led to his arrest and, thus, the arrest was unlawful, said claim does not set forth a cognizable false arrest claim because the "fruit of poisonous tree" doctrine applied in criminal cases to exclude evidence derived from an unlawful act—e.g., an unlawful search or seizure—does not apply to § 1983 actions. *See Tinsdale v. Hartley*, 442 F. Supp. 3d 569, 573 (W.D.N.Y. 2020) (citing, *inter alia, DiMascio v. City of Albany*, 205 F.3d 1322 (Table), No. 99-7653, 2000 WL 232053, at *1 (2d Cir. 2000) ("We have held ... that the fruit of the poisonous tree doctrine is inapplicable to civil § 1983 actions." (internal punctuation omitted))).

Therefore, the Court recommends dismissal of Plaintiff's false arrest or false imprisonment claim without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A).

### E. Illegal Search

Plaintiff also alleges he was searched "illegally" by defendant Abraham. Dkt. No. 7 at 4. The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. Const. amend. IV. "A warrantless search is 'per se unreasonable ... subject to only a few specifically established and well-delineated exceptions.' " *United States v. Elliott*, 50 F.3d 180, 185 (2d Cir. 1996) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973)). A search incident to an arrest, however, "constitutes

Case 5:26-cv-00699-BKS-CBF    Document 7    Filed 07/17/26    Page 16 of 20

Kirby v. Abraham, Not Reported in Fed. Supp. (2024)
2024 WL 4906112

an exception to the warrant requirement" imposed by the Fourth Amendment. *Riley v. California*, 573 U.S. 373, 382 (2014). Nevertheless, there are limitations upon the scope of an appropriate search incident to an arrest. *See Vernonia Sch. Dist. 47J v. Acton*, 515 U.S. 646, 652 (1995). Indeed, whether a search incident to an arrest was lawful turns upon whether such search was reasonable. *Id.* The permissibility of a search "is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests." *Skinner v. Ry. Labor Executives' Ass'n*, 489 U.S. 602, 619 (1989).

Here, the Court finds Plaintiff's allegations regarding the alleged illegal search are entirely conclusory and insufficient to plead a plausible cause of action. Plaintiff merely alleges that defendant Abraham "searched me which is violating my rights," Dkt. No. 7 at 4, "but fails to support this assertion with any supporting factual allegations." *Lautman v. Vill. of Saugerties, N.Y.*, No. 1:13-CV-00264 (MAD), 2014 WL 1653189, at *6 (N.D.N.Y. Apr. 23, 2014) (citing *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994)); *see also Cannon v. Wood*, No. 9:10-cv-1332 (GTS/RFT), 2011 WL 7071100, *7 (N.D.N.Y. Aug. 12, 2011) (dismissing the plaintiff's illegal search claim where the plaintiff merely "states in a conclusory fashion that he was subjected to an illegal search" and the complaint was "devoid of any factual allegations to support this claim").

**\*6** Accordingly, the Court recommends dismissal of Plaintiff's illegal search claim without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A).

### F. Conditions of Confinement

Plaintiff lists "unconstitutional conditions of confinement" as his second claim. Dkt. No. 7 at 5. Even when liberally construed, it is entirely unclear to the Court what "conditions" Plaintiff claims are "unconstitutional" or who was personally involved in the constitutional violation or when and where the alleged deprivation occurred. Accordingly, the Court recommends dismissal of Plaintiff's condition of confinement claim without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A).

### G. Rule 10

Plaintiff refers to the "Justice Center medical staff" in the body of the amended complaint. *See* Dkt. No. 7 at 4. Rule 10(a) of the Federal Rules of Civil Procedure provides that, "the title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). A party not named in the caption of the complaint is not a party to the action. *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (holding that the failure to name the individual defendants against whom the plaintiff intends to assert claims makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").

Accordingly, the Court does not construe any claims in the amended complaint to be asserted against the Justice Center medical staff. *See Whitley v. Krinser*, No. 06-CV-0575, 2007 WL 2375814, at *1 (W.D.N.Y. Aug. 15, 2007) ("If people are not also named in the caption of the [ ] complaint, they will not be defendants in the case.").

Even if the amended complaint was liberally construed to assert a Fourteenth Amendment medical indifference claim against the Justice Center medical staff, the claim would fail for two reasons. First, "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Ying Li v. City of New York*, No. 15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017); *see also Wright v. Orleans Cnty.*, No. 14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a Section 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) which requires a short and plain statement of the claim showing that the pleader is entitled to relief (citation and internal punctuation omitted)); *Holmes v. Allstate Corp.*, No. 11-CV-1543, 2012 WL 627238, at *7 (S.D.N.Y. Jan. 27, 2012) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."); *see, e.g.*, *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers' " and noting that, "[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants

2024 WL 4906112

and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint" should he choose to do so).

**\*7** Second, to state a Fourteenth Amendment medical indifference claim, a detainee "must meet two requirements: (1) that Plaintiff[ ] had a serious medical need ..., and (2) that the Defendants acted with deliberate indifference to such needs." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); and *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)). A detainee's medical need is "sufficiently serious" where it "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86 (citing *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996)). To satisfy the deliberate indifference requirement, a pretrial detainee "can allege either that the defendants *knew* that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87 (emphasis in original).

Here, even if Plaintiff had alleged a defendant's personal involvement, Plaintiff's sparse allegations do not satisfy either prong of a plausible deliberate indifference to medical needs claim. Plaintiff's conclusory allegation that "I had to walk to court holding my arm in my left hand after being deny an arm slang by Justice Center medical staff is insufficient given that the Second Circuit has made clear that "mere disagreement over the proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "Nor does the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred." *Sonds v. St. Barnabas Hosp. Corr. Health Servs.*, 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (*citing Dean v. Coughlin*, 804 F.2d 207, 215 (2d Cir. 1986)).

Thus, dismissal without prejudice would also be warranted for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A).

## IV. CONCLUSION

For these reasons, the Court recommends Plaintiff's amended complaint be dismissed in its entirely for failure to state a claim upon which relief may be granted. In recognition of his *pro se* status, the Court also recommends Plaintiff be granted leave to file a second amended complaint to cure the deficiencies identified above. [7] *See Ruffolo*, 987 F.2d at 131.

[7]    If the District Court adopts this Report-Recommendation, the second amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any second amended complaint should contain *all* factual allegations relevant to Plaintiff's claims, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act, and the paragraphs should be correctly numbered. Any second amended complaint should allege facts demonstrating the personal involvement of any named defendant. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994). Any second amended complaint will replace the existing amended complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Jeanty v. Sciortino*, No. 6:22-CV-319 (BKS/TWD), 2023 WL 2931863, \*14 (N.D.N.Y. Apr. 13, 2023).

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk provide the Superintendent of the facility, designated by Plaintiff as his current location, with a copy of Plaintiff's inmate authorization (Dkt. No. 4), and notify the official that this action has been filed and that Plaintiff is required to pay the Northern District of New York the statutory filing fee of $350.00 in installments, over time, pursuant to 28 U.S.C. § 1915; [8] and it is further

[8]    Plaintiff will also be required to pay fees he may incur in this action, including copying and/or witness fees.

2024 WL 4906112

 **\*8**  **ORDERED** that the Clerk provide a copy of Plaintiff's inmate authorization (Dkt. No. 4) to the Financial Deputy of the Clerk's Office; and it is further

**ORDERED** that the Clerk update the docket to substitute Mamoun Abraham for John Doe; and it is further

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 7) be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED** that Plaintiff be granted leave to file a second amended complaint that cures the deficiencies identified in this Report-Recommendation; and it is further

**ORDERED** that the Clerk provide Plaintiff a copy of this Report-Recommendation and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff has fourteen (14) days within which to file written objections to the foregoing report. [9] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

[9]     If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4906112

---

2024 WL 4905131
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

David L. KIRBY, III, Plaintiff,
v.
Mamoun ABRAHAM, Defendant.

5:24-cv-522 (BKS/TWD)
|
Signed November 27, 2024

**Attorneys and Law Firms**

Plaintiff pro se: David L. Kirby, III, 05002304, Onondaga County Justice Center, 555 South State Street, Syracuse, NY 13202.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, Chief United States District Judge:

**\*1** Plaintiff David L. Kirby, III brought this action under 42 U.S.C. § 1983 against the Syracuse Police Department and sought leave to proceed *in forma pauperis* ("IFP"). (Dkt. Nos. 1, 3). This matter was referred to United States Magistrate Judge Therese Wiley Dancks who, on June 14, 2024, granted Plaintiff's application to proceed IFP and issued a Report-Recommendation, recommending that Plaintiff's complaint be dismissed with prejudice and without leave to amend as to the Syracuse Police Department, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A), but with leave to file an amended complaint. (Dkt. No. 6). Plaintiff did not file objections to the Report-Recommendation, but instead filed an amended complaint. (Dkt. No. 7). On June 26, 2024, this Court issued a text order terminating the recommendations in the Report-Recommendation as moot and recommitting the matter to Magistrate Judge Dancks for an initial review of the amended complaint. (Dkt. No. 9). On October 25, 2024, Magistrate Judge Dancks issued a Report-Recommendation recommending that Plaintiff's amended complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915(A) for failure to state a claim upon which relief may be granted, and that Plaintiff be granted leave to file a second amended complaint. (Dkt. No. 15). Magistrate Judge Dancks informed Plaintiff that he had fourteen days within which to file written objections to the Report under 28 U.S.C. § 636(b)(1), and that the failure to object to the Report within fourteen days would preclude appellate review. (*Id.* at 16). No objections to the Report-Recommendation have been filed.

As no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court reviews the Report-Recommendation for clear error. *See Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 15) is **ADOPTED**; and it is further

**ORDERED** that the amended complaint (Dkt. No. 7) is **DISMISSED WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**; and it is further

Case 5:26-cv-00699-BKS-CBF    Document 7    Filed 07/17/26    Page 20 of 20

2024 WL 4905131

---

**ORDERED** that any second amended complaint must be filed **within thirty (30) days** of the date of this Order. Any second amended complaint must be a complete pleading which will replace the current complaint in total and must comply with the directions in the Report-Recommendation (Dkt. No. 15, at 14–15, n. 7); and it is further

**ORDERED** that if Plaintiff files a timely second amended complaint, it shall be referred to Magistrate Judge Dancks for review; and it is further

**ORDERED** that if Plaintiff fails to file a timely second amended complaint, the Clerk shall close this case without further order; and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**\*2 IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2024 WL 4905131

---

**End of Document**
© 2026 Thomson Reuters. No claim to original U.S. Government Works.